## ABBY W. ALLEN *vs.* CHARLESTOWN MUTUAL FIRE INSURANCE COMPANY.

An application to a mutual fire insurance company for insurance on buildings contained the following question and answer: " Do you own the land on which the buildings stand? " *Answer.* " Yes." The policy declared the application to be part of the contract of insurance; and was made subject to the rules of the company, which provided that the policy should be void, if the application should not contain a full, fair and substantially true representation of all the facts and circumstances respecting the property, so far as within the knowledge of the insured and material to the risk. The applicant was a widow, whose only title was a life estate under the will of her husband, which contained no disposition of the remainder; and he left two children, not named in the will; but they had never, during the twelve years that had elapsed since the probate of the will, of which six had passed before the application for insurance, claimed, under the Rev. Sts. *c.* 62, § 21, the share to which they would have been entitled if he had died intestate. *Held*, that the answer was sufficient.

An application for insurance on buildings, expressly made part of the contract of insurance by the terms of the policy issued thereon by a mutual fire insurance company, (whose rules, subject to which the insurance was made, provided that the policy should be void, if the application should not contain a full, fair and substantially true representation of all the facts and circumstances respecting the property, so far as within the knowledge of the applicant and material to the risk,) in answer to a question as to the " relative situation of other buildings," specified two buildings " with fifty feet." *Held*, that these words were to be construed by the court; that they meant " within fifty feet," and that the answer was sufficient, although one of the specified buildings was within two feet.

ACTION OF CONTRACT on a policy of insurance on a dwelling-house and barn in Manchester, made by a mutual fire insurance company on the 27th of September 1848, subject to the conditions and limitations expressed in the rules of the company, and to the lien created by statute on the buildings and land.

The plaintiff's application for this insurance was dated the same day, and contained the following questions and answers : " Do you own the land upon which the buildings stand ? " *Answer.* " Yes." " Relative situation as to other buildings ? " *Answer.* " A dwelling-house and cabinetmaker's shop with fifty feet."

The policy provided, on its face, that " said application shall form part of the contract to be taken in connection with this policy ; " and among the rules of the company, printed on the

back of the policy, was the following: " Policies shall be void and of no effect, for any of the following reasons, to wit: If the application shall not contain a full, fair and substantially a true representation of all the facts and circumstances respecting the property, so far as they are within the knowledge of the assured and material to the risk; or if the assured shall withhold or conceal any such material facts or circumstances within his knowledge; or if the assured shall be guilty of any fraud towards the company."

At the trial, at May term 1855, before *Metcalf*, J., it was admitted that the house was occupied by the plaintiff, and was destroyed by fire during the term of the policy; and the defendants relied upon an alleged misrepresentation in each of the answers above quoted from the application.

The plaintiff's only title to the premises was under the will of her husband, which was admitted to probate on the 1st of September 1842, and consisted solely of provisions for the payment of debts, funeral charges and expenses; a gift of all the residue of his estate, real, personal and mixed to the plaintiff, " to her sole use, benefit and disposal, during her natural life, to have and to hold and dispose thereof as she shall think proper;" and her appointment to be executrix.

The defendants offered to show that, from the time this will was made until the fire, two children of the testator were living, who, not being named in the will, would, under Rev. Sts. *c.* 62, § 21, take the fee in the real estate, leaving to the plaintiff merely her dower. But the judge ruled " that the question, whether or not the omission to name said children in the will was intentional, was one which the defendants could not require the plaintiff to try in this suit."

The defendants then contended that, by the will itself, the plaintiff took only a life estate in the premises; and that her statement, that she was the owner thereof, was materially false, and avoided the policy. But the judge ruled " that the question, whether the plaintiff took a fee or a life estate under the will, was not material; upon the ground, that the statement would not be materially false if she took merely a life estate."

It was in evidence that there was a cabinetmaker's shop within two feet of the insured property. And the defendants contended that the plaintiff's answer, as to the relative situation of buildings, " implied that said shop was at the distance of about fifty feet, and that the misrepresentation was material, and constituted a breach of warranty." But the judge ruled that " said answer would be construed to declare that said buildings were within fifty feet, and that it would be no misrepresentation if said shop were in any place within that distance."

The defendants thereupon consented to a verdict for the plaintiff, and alleged exceptions to the judge's rulings.

*S. B. Ives, Jr.* for the defendants. 1. The application being made a part of the policy, any misrepresentation of title was a breach of warranty. *Lowell* v. *Middlesex Mutual Fire Co.* 8 Cush. 127. *Macomber* v. *Cambridge Mutual Fire Ins. Co.* 8 Cush. 133. *Barrett* v. *Union Mutual Fire Ins. Co.* 7 Cush. 175. *Davenport* v. *New England Mutual Fire Ins. Co.* 6 Cush. 340. *Wall* v. *East River Mutual Ins. Co.* 3 Seld. 370. *Mutual Assurance Co.* v. *Mahon,* 5 Call, 517. Angell on Ins. §§ 141, 147, 148. The defendants, a mutual fire insurance company, having expressly stated their intention to rely upon their statute lien, had the right to dispute the correctness of the plaintiff's representation of her title to the land. Rev. Sts. *c.* 37, § 36. *Brown* v. *Williams,* 28 Maine, 252. *Smith* v. *Bowditch Mutual Fire Ins. Co.* 6 Cush. 448. *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 348. The question being material, and properly raised, the plaintiff was bound to try it in this suit. Her title was derived confessedly from the will of her husband, and therefore depends on the legal effect of that will. If the omission to name his children was not intentional, they took by descent, and without any act of theirs, the whole estate, subject only to the plaintiff's right of dower. Rev. Sts. *c.* 62, § 21 ; *c.* 61, § 1. If such omission was intentional, still the terms of the will gave her only a life estate ; and so her representation, that she was the owner, was materially false, and induced the defendants to suppose that they had a lien on the fee.

2 The meaning of the words, " with fifty feet," should have

been submitted to the jury. 2 Parsons on Con. 4, *note. Neil-son* v. *Harford,* 8 M. & W. 823. *Hutchinson* v. *Bowker,* 5 M. & W. 542. But if they are to be construed by the court, their true meaning is, " with fifty feet between," or " intervening." This gives them a meaning exactly responsive to the question, which calls for " relative situation as to other buildings." It is the only construction which gives any effective meaning to the words, and is therefore to be adopted. 2 Parsons on Con. 12, *note. Schuylkill Navigation Co.* v. *Moore,* 2 Whart. 491. *Eaton* v. *Smith,* 20 Pick. 150. *Gunnison* v. *Bancroft,* 11 Verm. 493. Angell on Ins. §§ 176–178. If the meaning be doubtful, the words of the plaintiff should be construed most strongly against her. *Melvin* v. *Locks & Canals on Merrimack River,* 5 Met. 27. 2 Parsons on Con. 18, *note.* If the defendants had understood " with" to be written by mistake instead of " within," they would have required a more specific answer. The introduction, however innocently, of words which have a natural tendency to mislead the insurers, is such a misrepresentation as will avoid the policy. Angell on Ins. § 179. *Burritt* v. *Saratoga County Mutual Fire Ins. Co.* 5 Hill, 188.

*R. H. Dana, Jr. & S. H. Phillips,* for the plaintiff.

Thomas, J. This is an action of contract upon a policy of insurance. The issuing of the policy and the loss by fire within the time were conceded. The defence rested upon alleged misrepresentations in the application of the plaintiff for insurance : first, as to her title to the land upon which the house stood ; and, secondly, as to the relative situation of the house to other buildings.

1. As to her title to the land. The policy is made subject to the lien upon the buildings and the land under them, created by the Rev. Sts. *c.* 37, § 36. In *Smith* v. *Bowditch Mutual Fire Ins. Co.* 6 Cush. 448, it was settled that, in the case of mutual insurance companies, whose policies are issued subject to this lien, a false representation by the insured, as to his title, will avoid the policy. In that case, it is to be observed, the plaintiff had no legal title to the property, to which a lien could attach; he had only a bond for a deed. By the seventeenth article of the

by-laws of the Bowditch Insurance Company it is provided, that any policy issued by the company shall be void unless the true title of the assured shall be expressed in the proposal or application for insurance. 6 Cush. 449. This contract of insurance contains no such provision ; and the doctrine of that case is certainly not to be extended.

The case of *Davenport* v. *New England Mutual Fire Ins. Co.* 6 Cush. 340, stands upon a distinct ground, the giving an entirely false answer to a material question. It is to be regretted that the report of that case is somewhat imperfect.

The question asked in this application is : " Do you own the land on which the buildings stand ? " *Answer.* " Yes."

The plaintiff derived her title from the will of her husband, which was admitted to probate six years before the plaintiff's application. Under this will, upon its face, the plaintiff took an estate for life in the subject of insurance.

But the defendants offered to show that the testator left two children ; and claimed that the children, not being provided for in the will, took, under the Rev. Sts. *c.* 62, § 21, the same estate as if their father had died intestate, which, under *c.* 61, § 1, would be the entire real estate, subject only to the dower of the widow ; and that therefore the only title of the plaintiff in the premises insured was a right of dower.

To this view the objection is twofold : first, it is by no means certain that the provisions of Rev. Sts. *c.* 62, § 21, would apply to a will like this, where but a life estate is devised, and the reversion, as a legal result, goes to the children ; secondly, it is not for the defendants, for the purpose of impeaching the title of the plaintiff, to do what the children had never done, although some twelve years had elapsed. If any one can disturb her title, they only can. The plaintiff was then in the possession of the estate under an apparently good title of freehold, which the only persons interested had never sought to defeat, if they had the power.

In saying, then, she owned the land, was the representation substantially true, so far as the fact was within her knowledge ?

The owner of a freehold, in common parlance, as well as under

the law, is regarded as the owner of the estate. See the pauper law, Rev. Sts. *c.* 45, § 1, *cl.* 4, 5 ; the tax act, Rev. Sts. *c.* 7, § 7 ; the mill act, Rev. Sts. *c.* 116, § 24. These views seem to be fully sustained by the case of *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 535.

The answer is substantially true ; and we cannot think parties applying for insurance are called upon to settle, with very great precision, questions of title. The plaintiff's title gave the defendants a lien, though limited to the life of the insured.

2. The representation of the relative situation as to other buildings. The question was : " Relative situation as to other buildings ? " The answer was : " A dwelling-house and cabinetmaker's shop *with* fifty feet." There was a cabinet shop two feet from the property insured. The defendants contended that the answer implied that the shop was at the distance of fifty feet; that fifty feet intervened. The judge held that the true construction of the answer was, that the buildings were *within* fifty feet.

It was a question for the court, being the construction of a written instrument, where no question arose as to the use of words of art. It was the correct construction. It is quite common, in an application, to inquire what buildings are within fifty feet of the building to be insured. The answer is correct, as far as it goes. If the defendants desired a more precise one, they should have sought it by additional inquiries.

Contracts for fire insurance are often made by persons but little acquainted with legal forms. They are practical business contracts, to be fairly but liberally construed. The extreme doctrine of literal warranty has not been and should not be applied to them. They are not to be held upon the apices of the law.

*Exceptions overruled.*